**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



BRYAN RANDALL MONKRES,

Petitioner - Appellant,

v.

ROSANNE CAMPBELL, et al.,

Respondents - Appellees.

No. 08-16011

D.C. No. 4:04-CV-02311-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted January 11, 2010[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, WALLACE and SILVERMAN, Circuit Judges.

The California Supreme Court's rejection of Monkres' Due Process claim

was not an objectively unreasonable application of Supreme Court precedent.

Monkres argues that he was denied due process when the trial court admitted

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence of uncharged prior sexual assaults against the victim as evidence of her lack of consent to the charged sexual offenses in this case, and of Monkres' propensity to commit acts of sexual assault. However, Monkres "can point to no Supreme Court precedent establishing that admission of propensity evidence, as here, to lend credibility to a sex victim's allegations, and thus indisputably relevant to the crimes charged, is unconstitutional." *Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008). Furthermore, the Supreme Court has "not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence [under state law] constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Therefore, the state court's decision to admit evidence of Monkres' prior uncharged sexual assaults against the victim was neither contrary to, nor an objectively unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *see also Carey v. Musladin*, 549 U.S. 70, 77, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006).

Monkres also argues that his appellate counsel was constitutionally ineffective because he did not raise the trial court's admission of the evidence as an issue on direct appeal. But Monkres has not shown a reasonable probability that he would have otherwise prevailed on appeal. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Finally, because Monkres has not raised any allegations of fact that would entitle him to relief, his request that we remand for an evidentiary hearing is denied. *See West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010).

AFFIRMED.